IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RUDOLPH MOUNIB SEIKALY,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. CBD-19-167 |
| | ) | |
| **RICHARD SEIKALY,** | ) | |
| | ) | |
|     **Defendant.** | ) | |

## MEMORANDUM OPINION

Before this Court is Defendant's Rule 12(b)(3) Motion to Compel Arbitration and Dismiss or, in the Alternative, Stay Proceedings Pending Arbitration (ECF No. 22) ("Defendant's Motion"). The Court has reviewed the Motion, related memoranda and applicable law. No hearing is deemed necessary. See Local Rule 105.6 (D. Md.). For the reasons set forth below, the Court GRANTS IN PART Defendants' Motion.

**I. Analysis**

    **A. Applicable Legal Standard.**

This Court has recently stated that "a challenge based on a forum-selection clause, including an arbitration clause, should be addressed by way of a motion to dismiss for improper venue under Rule 12(b)(3)." Stone v. Wells Fargo Bank, 361 F. Supp. 3d 539, 548 (D. Md. 2019). It is without question that an agreement that requires binding arbitration is a forum-selection clause. Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 (1974). The Court may decide to hold an evidentiary hearing on the matter, but if it decides not to do so, then the plaintiff only has to make a prima facie showing that venue is proper, and all inferences are viewed in the light most favorable to the plaintiff. Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004); Aggarao v. Mol Ship Mgmt. Co., 675 F.3d 355, 366 (4th Cir. 2012). Unlike motions

to dismiss under Fed. R. Civ. P. 12(b)(6), under Rule 12(b)(3), the Court is permitted to consider exhibits submitted by the parties. Sucampo Pharm. Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 549-50 (4th Cir. 2006). In this instance, the Court will not hold an evidentiary hearing, but will consider the issues in the light most favorable to Plaintiff.

### B. The Agreement to Arbitrate Requires This Court to Enter a Stay of the Present Proceedings.

There is no dispute but that the parties agreed to arbitration and that all disputes presently between the parties are arbitrable when they agreed in writing to the Arbitration Submission Agreement (the "Agreement") (ECF No. 1-1). Moreover, the parties have been participating in the arbitration of the present disputes for many years. Pl.'s Opp'n 3; Compl. ¶¶ 6 – 11. "Plaintiff is not at this time asking this Court to take over the arbitration on the merits. . . . Rather, in this lawsuit, Plaintiff seeks injunctive and other equitable relief from Defendant, . . . ." Pl.'s Opp'n 2.

The disputes between the parties are governed in the first instance by the Agreement, and the Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et. seq., (2009) (the "FAA"). These rules are applicable to foreign arbitrations, as the United States has ratified the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention Act") found at 9 U.S.C. §§ 201-08 (2009). Furthermore, this Court is satisfied that the Agreement is enforceable under the Convention Act given that it meets the four required elements, namely that:

> 1) there is an agreement in writing within the meaning of the Convention; 2) the agreement provides for arbitration in the territory of a signatory of the Convention; 3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and 4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states.

Balen v. Holland Am. Line Inc., 583 F. 3d 647, 654-55 (9th Cir. 2009).

The claims are arbitrable, as the Agreement states that the "Parties agree that they may present any form of claim or dispute including, but not limited to claims for accountings." Agreement 2. "All Disputes . . . shall be finally settled under the rules of conciliation and arbitration at the Beirut Chamber of Commerce and Industry (CCIB) by three arbitrators appointed in accordance with the said Rules, . . . ." Id. "In the event that a Party refuses to cooperate with a discovery request, the Arbitrators and/or any Party acting upon a discovery order issued by the Arbitrators, shall have the right of recourse to any court having jurisdiction, to obtain an Order mandating compliance." Id., at 5. The claims and/or relief pursued by Plaintiff in this Court are devoid of any order issued by the Arbitrators or any other determination by the Arbitrators.

Fourth Circuit law is abundantly clear. "When a valid agreement to arbitrate exists between the parties and covers the matter in dispute, the FAA commands the federal courts to stay any ongoing judicial proceedings and to compel arbitration." Hooters of Am., Inc, v. Phillips, 173 F.3d 933, 937 (4th Cir. 1999). Plaintiff however, comes to the Court nonetheless. In his estimation, too much time has passed and too many assets might eventually be frittered away while he continues to wait for a final determination. The arbitration has been proceeding for more than a decade. Plaintiff also contends there are procedural irregularities not being addressed. Pl.'s Opp'n 5. Plaintiff even expresses his fear of corruption without claiming that said corruption touches upon or even taints the on-going arbitration proceedings.

In consideration of the facts and factors set forth above, the Court believes the entry of a stay of all proceedings in the federal court for the District of Maryland is appropriate.

### C. This Court has Discretion to Enter an Order to Preserve the Status Quo.

The present lawsuit has been filed for the purpose of obtaining an accounting and an order to preserve all assets of the Other Ventures as defined in the Agreement. Plaintiff wants "disclosure of the financial records regarding Other Ventures." Comp. ¶ 28. Plaintiff is fearful that the assets are being dissipated. Comp. ¶ 31. One legal maxim permits the exercise of equitable jurisdiction when there is no adequate remedy at law. Plaintiff contends that the years of frustration in the arbitration proceeding satisfies this maxim. While this is very doubtful, it is clearly a matter of discretion for this Court.[1]

As for the dissipation concern, this Court has the authority even in a case governed by the FAA, to issue the requested injunctive relief. When persuaded that assets will not be available by the time an arbitration is concluded, the Court can use its equitable powers to maintain the status quo. The exercise of this power is a discretionary one.

> Accordingly, we hold that where a dispute is subject to mandatory arbitration under the Federal Arbitration Act, a district court has the discretion to grant a preliminary injunction to preserve the status quo pending the arbitration of the parties' dispute if the enjoined conduct would render that process a "hollow formality." The arbitration process would be a hollow formality where "the arbitral award when rendered could not return the parties substantially to the status quo ante."

Merrill Lynch, Pierce, Fenner & Smith v. Bradley, 756 F.2d 1048, 1053-54 (4th Cir. 1985).

---

[1] The Court is not persuaded that Plaintiff can satisfy this equitable requirement. Here, Plaintiff seeks to obtain a money judgment for perceived wrongful activity. With minor exceptions akin to insolvency, courts typically do not find the existence of irreparable harm where a monetary judgment is available. See Morton v. Beyer, 822 F.2d 364, 371-72 (3d. Cir. 1987); Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp., 17 F.3d 691, 694 (4th Cir. 1994). Plaintiff here has not articulated facts or argued that the likelihood of insolvency is imminent in the absence of the requested relief.

Here, the Court declines Plaintiff's invitation. The Agreement is very broad in scope and clear regarding the intent of the parties in many respects. It states that each signatory acknowledges that they are receiving "mutual benefits" by the election to use arbitration. They agreed it to be "the most convenient, expeditious, economical, and private procedure for finally resolving all of their Disputes." Agreement 2. While there were many expectations between the parties as to the efficiencies and speed by which resolution of their dispute could be accomplished, they did not agree to a "get out of arbitration provision" should the matters not proceed according to expectations. The Agreement merely states that "[t]he Parties also agree to collaborate with the Arbitrators in order to ensure that a final arbitral award(s) is reached within Twelve (12) months starting the date of final constitution of the arbitral tribunal." Agreement 2.

Plaintiff brings the present action upon his "information and belief" that assets are being dissipated. In fact, it was upon Plaintiff's action that "the arbitration was ordered suspended, . . . pending a ruling on a Motion to Dismiss the arbitration." Comp. ¶ 16. In doing so, Plaintiff notes a number of procedural due process type grievances. The core of these concerns was appealed to the Lebanese Court of 1st Instance in Beirut (4th Chamber), a three-judge panel that hears international arbitration matters. Plaintiff did not prevail or seek further review, and the arbitration proceedings are now resuming over Plaintiff's objections. Plaintiff in effect seeks to have this Court act as an appellate body over a foreign tribunal.

Under the Agreement, the parties enjoy a full range of the tools of discovery. Moreover, if a party is frustrated in its efforts to obtain discovery, it can seek relief from the Arbitrators who can issue discovery orders which can be enforced by a court. Agreement 5.

By its terms, the Agreement covered "any form of claim or dispute including, but not limited to, claims for accountings . . . ." Agreement 2. It is this accounting that Plaintiff seeks

5

here. But the law strongly suggests that the Court should enter a stay until the arbitration has concluded. The FAA states in pertinent part,

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, . . . .

9 U.S.C. § 3. This is precisely the situation presented by Plaintiff's filing of suit. Not only is the present matter referable to arbitration, the parties are mired in the depths of the process. To the extent Plaintiff complains of the need to preserve assets, the very concern was contemplated by the parties as a matter to be governed by the arbitration process. Agreement 3-4. Concerns about the procedural disputes aside, this Court is not moved to intercede on the present record. Should the Arbitrators declare an award for Plaintiff, or the need for court enforcement of a preservation order, then the parties are free to seek enforcement from this Court.[2]

## II. Conclusion

For the reasons set forth above, the Court hereby STAYS all proceedings in this Court. In the event judicial assistance is needed to enforce an order of the Arbitration panel, or of the

---

[2] One of the justifications for Plaintiff's need for judicial relief was the death of the chair of the arbitration panel which resulted in the panel being unable to take the action sought by Plaintiff. Pl.'s Opp'n 10. Now that a panel chair has been chosen, Plaintiff challenges the selection on procedural grounds. Whether said challenge is justifiable or not, the selection of a panel chair significantly weakens Plaintiff's argument.

6

judgment of the Arbitration panel, then the parties are free to pursue said assistance from this Court.  A separate Order shall be filed.

August 29, 2018                                              /s/
Charles B. Day
United States Magistrate Judge

CBD/bab